United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Basil Clark Gibbs, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:25-cv-4545 |
| | § | |
| Catherine Diann Williams, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

Plaintiff Basil Clark Gibbs, proceeding *pro se* and *in forma pauperis*, sued Defendants for racial discrimination in violation of 42 U.S.C. § 1981 and Title II of the Civil Rights Act, 42 U.S.C. § 2000a. *See generally* Doc. 1; *see also* Doc. 40 at 2. Defendants Denny's Corporation and Denny's Inc., (the "Denny's Entities"), then filed a Motion to Dismiss for lack of personal jurisdiction and failure to state a claim. Doc. 15. The case was referred to United States Magistrate Judge Richard W. Bennett. Doc. 31. Magistrate Judge Bennett subsequently issued a report recommending that Plaintiffs' claims against the Denny's Entities be dismissed without prejudice for lack of personal jurisdiction. Doc. 40 at 9. Plaintiff objected to the report. Doc. 41.

The court reviews the objected-to portions of a Magistrate Judge's report and recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Here, Magistrate Judge Bennett recommended dismissal because Plaintiff failed to allege sufficient facts to support the exercise of specific or general personal jurisdiction over the Denny's Entities. Doc. 40 at 7–9. Specifically, Magistrate Judge Bennett found that Plaintiff's Complaint failed to allege that the Denny's Entities took any action in this case so as to purposefully avail themselves of Texas laws. *Id.* at 7–8. Magistrate Judge Bennett also found that Plaintiff failed to allege general personal jurisdiction over the Denny's entities because neither entity is incorporated in Texas or maintains its principal offices in Texas. *Id.* at 9. Thus, Magistrate Judge Bennett recommended dismissal for lack of personal jurisdiction. *Id.*

The Court agrees with Magistrate Judge Bennett's analysis and Plaintiff's objections do not support a contrary conclusion. *See* Doc. 41. Plaintiff first objects that the Report was issued without a "required proceeding" under Federal Rule of Civil Procedure 72(b) and that Magistrate Judge Bennett was assigned to this case without Plaintiff's consent. Doc. 41 at 2 & n.2. Plaintiff is mistaken as his consent is not necessary where the Court refers a motion under § 42 U.S.C. 636(b)(1)(B). Moreover, the Report and Recommendation of Magistrate Judge Bennett fulfills the requirements of Rule 72(b). The Rule does not require any other separate proceedings.

Plaintiff objects to the analysis by attaching records from the Texas Comptroller showing that each of the Denny's Defendants are registered to do business in Texas and have been sued in Texas. Docs. 41 at 3–5; 42. However, these facts as alleged are not sufficient to establish that the Denny's Entities are "at home" within the forum such that they would be subject to general personal jurisdiction. Lastly, Plaintiff objects that the Court has specific personal jurisdiction over the Denny's Entities because are required to "obtain registration" to do business in Texas. Doc. 41 at 6. But without facts connecting Defendants' contacts in the state to Gibbs' claims, Plaintiff's objection on this basis is insufficient to establish specific personal jurisdiction. *See Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996).

Having reviewed Magistrate Judge Bennett's report and being satisfied that there is no error, the Court adopts the report's findings and recommendations. Defendants' Motion to Dismiss, Doc. 15, is GRANTED. All claims in this action against the Denny's Entities are DISMISSED WITHOUT PREJUDICE.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 20th of October, 2026.

Nicholas J. Ganjei
United States District Judge